**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAMUEL MENSAH, | Civil Action No. 2:12-CV-05901-SDW |
| Plaintiff, | |
| v. | **OPINION** |
| CAMBRIDGE SECURITY, SVC, | |
| Defendant. | January 14, 2014 |

**WIGENTON,** District Judge.

Before the Court is defendant Cambridge Security Services Corp.'s ("Defendant" or "Cambridge")[1] Motion to Dismiss *pro se* plaintiff Samuel Mensah's ("Plaintiff")[2] Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue is proper in this District under 28 U.S.C. § 1391(b)(1).

This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

---

[1] Plaintiff identified Defendant as "Cambridge Security SVC" in the Complaint, which Defendant indicates was incorrect. (*See* Mot. to Dismiss 1.)

[2] *Pro se* complaints are construed liberally and are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, *pro se* litigants must still allege facts, taken as true, to suggest the required elements of the claims asserted. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008); *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

For the reasons set forth below, this Court **GRANTS** Defendant's Motion to Dismiss.

**BACKGROUND AND PROCEDURAL HISTORY**

Defendant, a provider of security services, employed Plaintiff from July 23, 2010 to about November 3, 2010. (Compl. ¶ 1, Ex. A; Pl.'s Opp'n 6; Def.'s Br. 3.) According to Plaintiff[3], he was set to receive an hourly wage of thirteen dollars, as was advertised in Defendant's job posting. (Pl.'s Opp'n 2.) However, Plaintiff contends, that his paychecks were often miscalculated and delayed. (*Id.*) On one occasion, Plaintiff alleges, Cesar Saona ("Saona"), Defendant's Director of Special Operations, retained possession of Plaintiff's paycheck for more than three weeks. (*Id.* at 3-5.) As a result, Plaintiff was without electricity in his home for approximately two or three months. (*Id.*) Plaintiff asserts that he complained to Saona, who subsequently advised him to contact the Payroll Department. (*Id.* at 2.) However, according to Plaintiff, contacting the Payroll Department was to no avail. (*Id.* at 2-3.)

Additionally, Plaintiff contends that he complained to Saona about his work conditions. (*Id.* at 8.) For instance, Plaintiff refused to work at the AutoZone locations in East Orange, Irvington, Jersey City, Newark, and Paterson, New Jersey because Defendant would place him there unarmed. (*Id.* at 7.) According to Plaintiff, this was contradictory to AutoZone Management's policy, which required armed guards. (*Id.*) As a result of these complaints, Plaintiff argues, Saona undertook to either find a basis to terminate him or force him to quit. (*Id.* at 8.)

Plaintiff alleges that on October 8, 2010, he agreed to stop by Saona's residence to obtain the paycheck that was due to him almost three weeks prior. (*Id.* at 4.) The next day, on October 9, 2010, Plaintiff and his son arrived at Saona's home, where Saona allegedly remarked to Plaintiff's son: "How did an African beast like him manage to find an Italian?" (*Id.*) Plaintiff

---
[3] Plaintiff's allegations are set forth as presented to the Court, but are at times unclear.

further contends Saona previously made a similar comment, where he asked Plaintiff: "Is your wife Spanish?" (*Id.* at 5.) According to Plaintiff, Saona made such statements either to force him to quit or to provoke him so as to terminate him. (*Id.* at 5.)

Plaintiff alleges that to find or make up a basis for termination, Saona once accused him of stealing 300 Motorola radios while he worked crowd control at a Liberty State Park show. (*Id.* at 6.)

On November 3, 2010, upon reporting to work, Sharifah Robinson ("Robinson") and Pedro Gonzalez ("Gonzalez"), Defendant's Director of Operations and Director of Human Resources, respectively, asked Plaintiff to a sign a warning letter for allegedly stealing a card board poster while providing security detail at a Pathmark in Belleville, New Jersey. (Pl.'s Opp'n 6-7; Def.'s Br. 3.) In response, Plaintiff denied the truth of the allegation and refused to sign the documents. (Pl.'s Opp'n 6-7.) Subsequently, Plaintiff alleges, Defendant relieved him of his duty for the day and failed to compensate him. (*Id.* at 7.) That was Plaintiff's last day of work. (*Id.* at 6-7.)

**PROCEDURAL HISTORY**

On October 27, 2011, Plaintiff filed a Notice of Charge of Discrimination[4] ("NCD") with the U.S. Equal Employment Opportunity Commission ("EEOC") in New Jersey. (Siachos Decl., Ex. A.) In his NCD, Plaintiff alleged race discrimination and retaliation in violation of Title VII of the Civil Rights Act.[5] (*Id.*) On June 22, 2012, the EEOC issued its Final Determination concluding that the information obtained did not establish a violation "with respect to

---

[4] Plaintiff alleges he also filed a Notice of Charge of Discrimination with the EEOC in the Philadelphia District on December 7, 2010. (Pl.'s Opp'n 2; Def.'s Reply Br. 1.)
[5] It appears that Plaintiff later added a discrimination claim based on national origin as filed in this Court. (Siachos Decl., Ex. A and D.)

3

[Plaintiff's] allegations that he was discriminated and/or retaliated against." (Siachos Decl., Ex. B.)[6]

Subsequently, on September 18, 2012, Plaintiff filed charges with the New Jersey Division of Civil Rights alleging discriminatory conduct.[7] (Compl. ¶¶ 6-7.) On September 20, 2012, Plaintiff filed the instant Complaint in this Court alleging employment discrimination on the basis of race and national origin under Title VII of the Civil Rights Act of 1964. (Dkt. No. 1.) On June 19, 2013, Defendant filed its Answer. (Dkt. No. 12.) On July 26, 2013, Defendant filed the instant Motion to Dismiss. (Dkt. No. 22.) On August 19, 2013, Plaintiff filed opposition and Defendant replied on August 30, 2013. (Dkt. Nos. 23, 26.) On December 3, 2013, Plaintiff filed a letter with additional documentation.

**LEGAL STANDARD**

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint alleges "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citation omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that "Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief" (quoting *Twombly*, 550 U.S. at 555 n.3) (internal quotation marks omitted)).

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most

---

[6] However, a technical violation regarding the employment application was discovered. (Siachos Decl., Ex. B.)
[7] In the Complaint, Plaintiff alleges the discriminatory conduct complained of occurred on September 5, 2010. (Compl. ¶ 5.)

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Fowler v. UPMC Shadyside*, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (2009). First, the court must separate the factual elements from the legal conclusions. *Id.* The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11 (citing *Iqbal*, 556 U.S. at 678). Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips,* 515 F.3d at 234-35).

**DISCUSSION**

In the instant matter, Defendant asserts the following bases for dismissal: (1) Plaintiff did not file a timely charge of discrimination for the alleged discrimination and retaliation; and (2) Plaintiff does not plead facts that support his claims under Title VII. (*See* Mot. to Dismiss 1.)

5

Pursuant to Title VII, the timely filing of a charge of discrimination is required to maintain a Title VII action." *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); 42 U.S.C. § 2000e-5(e)(1). A plaintiff shall file a charge of discrimination within 300 days after the alleged unlawful practice occurred or the claim is time-barred. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 377 (D.N.J. 1987) (emphasis added). Here, it does not appear that Plaintiff filed in a timely manner. Plaintiff's NCD was filed on October 27, 2011, and on or about September 18, 2012, he filed a claim with the New Jersey Division of Civil Rights. In his EEOC Complaint, Plaintiff approximated that the alleged discrimination took place on September 5, 2010. (*See* Siachos Decl. Ex. D.) Also, at the latest, Plaintiff's last day of employment according to his affidavit was on or around November 3, 2010 or on November 5, 2010 when Defendant indicates he was fired. (*See* Pl.'s Opp'n 6; Def. Br. 10.) None of these dates satisfy the 300-day requirement.

Even if this Court were to deem the claims to be timely filed, after reviewing the allegations in the Complaint in the light most favorable to Plaintiff, his claims of discrimination still cannot be maintained as they are not sufficient. Plaintiff's claims under Title VII fail to set forth sustainable claims for retaliation, race discrimination or discrimination based on national origin.

In the Third Circuit, "[a] Title VII plaintiff [who has circumstantial evidence of discrimination] may state a claim . . . under either the pretext theory set forth in *McDonnell Douglas Corp. v. Green* . . . or the mixed-motive theory set forth in *Price Waterhouse v. Hopkins*." *Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008); *see also Sosa v. Napolitano*, 318 F. App'x 68, 72 (3d Cir. 2009). Under the pretext theory, in order to establish a prima facie case of retaliation, "a plaintiff must show that: (1) the employee engaged in a protected employee

activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 286 (3d Cir. 2001) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000)). Once the plaintiff makes a prima facie showing of retaliation, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However, if the defendant is able to discharge its burden and dispute the inference of discrimination, the plaintiff must then "be afforded a fair opportunity to show that the [defendant's] stated reason [is] in fact pretext." *Id.* at 804.

Under the mixed-motive theory, a plaintiff may establish that the defendant engaged in an unlawful employment practice "by demonstrating that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." *Sosa*, 318 F. App'x at 72 (quoting 42 U.S.C. § 2000e-2(m) (internal quotation marks omitted)). If the plaintiff shows evidence of an unlawful employment practice, the defendant then "has a limited affirmative defense that does not absolve it of liability, but restricts the [plaintiff's] remedies [to] declaratory relief, certain types of injunctive relief, and attorney's fees and costs." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003) (citing 42 U.S.C. § 2000e-5(g)(2)). Furthermore, "to avail itself of the affirmative defense, the employer must 'demonstrat[e] that [it] would have taken the same action in the absence of the impermissible motivating factor.'" *Id.* at 94-95 (quoting 42 U.S.C. § 2000e-5(g)(2)(b)).

Notably, however, the Supreme Court has held that "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test

7

stated in § 2000e-2(m)." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). A Title VII plaintiff alleging employment discrimination on the basis of retaliation against protected activity must proceed under the *McDonnell Douglas* burden-shifting framework. *See id.*

To establish a valid claim of national origin discrimination a plaintiff must allege that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) under circumstances that give rise to an inference of discriminatory action." *Gerety v. Atl. City Hilton Casino Resort*, 184 N.J. 391, 399 (2005). Moreover, the Supreme Court has recognized two theories of relief under Title VII for national origin discrimination: (1) disparate treatment and (2) disparate impact. Here, Plaintiff has failed to show either.

Plaintiff's Complaint provides some dates of the alleged incidents, but does not address the alleged discriminatory actions claimed with specificity to support his claims for relief.[8] Defendant claims that Plaintiff was fired after a sign in the Bakery Department of a Pathmark was stolen, and it was confirmed that the Defendant took the sign. (Mot. to Dismiss 4; Siachos Decl. Ex. C.) On November 10, 2010, Plaintiff returned the sign, which he said that he had been given permission to take. According to Defendant, Plaintiff then quit and stopped reporting to work. Even if Plaintiff was terminated at that time, he has not provided a basis for a claim involving disparate treatment or impact.

For a Title VII racial discrimination claim a plaintiff must allege the following elements: (1) plaintiff is part of a protected class; (2) plaintiff was qualified for the position he/she sought; (3) plaintiff suffered an adverse employment action; and (4) "the action occurred under

---

[8] Plaintiff attempts to provide some additional information in his opposition and supporting documentation, but even with the additional material Plaintiffs claims would be considered deficient.

circumstances that could give rise to an inference of intentional discrimination." *Makky v. Certoff*, 541 F.3d 205, 214 (3d Cir. 2008) (citing *McDonnell Douglas*, 411 U.S. at 802.) "If a plaintiff establishes a prima facie case of discrimination, then an inference of discriminatory motive arises and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action." *Makky v. Certoff*, 541 F.3d at 214. As with the claims for retaliation and national origin, Plaintiff fails to allege facts supporting an adverse employment action motivated by racial discrimination while employed by the Defendant, who has articulated a non-discriminatory reason.

Based on the foregoing, it would be futile for Plaintiff to amend the Complaint. As such, Plaintiff's claims will be dismissed.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**.

s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
cc: Madeline Cox Arleo, U.S.M.J.
     Parties